FILED

2013 May-09  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LUTHA JAMES ROBINSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-CV-2857-RBP-TMP |
| | ) | |
| GOVERNOR ROBERT BENTLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lutha James Robinson, Jr., hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged.  The plaintiff names Governor Robert Bentley, Administrative Director of Courts for the State of Alabama Callie T. Dietz, and Judge Karen Hall as defendants .  Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any

portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

### ***Procedural History***

On August 31, 2012, Lutha James Robinson, filed the above styled lawsuit purportedly on behalf of Shelby Tyrone Green, Hambrick Leonard Smith, Christopher Robinson and himself. Lutha Robinson was the only one to sign the complaint and the only one to submit a request to proceed *in forma pauperis*. The court directed the clerk to open the case in Lutha Robinson's name only and open additional cases for the other three plaintiffs. The plaintiffs were informed that the claims asserted by prisoners are subject to the *in forma pauperis* provisions of 28 U.S.C. § 1915 and the screening requirements of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e, therefore each prisoner must file his claims in a separate individual lawsuit.

### **CLASS ACTION CERTIFICATION**

Lutha Robinson seeks to bring this action as a class action on behalf of himself and all others similarly situated. The plaintiff proposes that he and the other three plaintiffs be

named as representatives of all indigent persons who have or will have criminal cases pending in the district and circuit courts of Madison County, Alabama and who have, or will, rely on the defendants to provide them with defense counsel. (Doc. 1, p.5)

The plaintiff alleges that the defendants "have failed to provide constitutionally adequate legal representation to indigent adults charged with criminal offenses in Madison County, Alabama." (Doc. 1, p.1)  The plaintiff maintains that this failure deprived him, and threatens to deprive others, of their rights under to the Sixth and Fourteenth Amendments. The plaintiff maintains that the Alabama law regarding indigent defense services does not meet national standards and is inadequate to insure that indigent defendants are properly represented.  Specifically the plaintiff claims that in Madison County, attorneys are not trained, monitored or supervised.  As a result inmates who might be eligible for bail remain incarcerated, innocent people plead guilty, evidence goes unchallenged, defenses are not presented, and harsh sentences are handed down. (Doc. 1, p.2)

The plaintiff asks the court to declare the Alabama law inadequate and require the state to remedy the deficiencies in the program.  The plaintiff seeks injunctive relief that would affect all inmates in the class which he would have certified under Rule 23 (b) (2), Fed.R.Civ.P.

To the extent the plaintiff is requesting that this complaint be allowed to proceed as a class action and that he be certified as the representative, the magistrate judge RECOMMENDS that his request be DENIED. It would be plain error to permit the plaintiff, unassisted by counsel, to represent fellow inmates in a class action. One basic requirement

for class action certification is that the representative of the class must fairly and adequately protect the interest of the class. *Fed. R. Civ. P. 23(a)(4)*.  The competence of a layman representing himself is clearly too limited to allow him to risk the rights of others.  *See, e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Thus class certification of *pro se* plaintiffs would be inappropriate in that the rights of parties included in the class may be jeopardized by unqualified representation.  Unless the plaintiff can "fairly and adequately protect the interest of the class" he may not act as its spokesman. A judgment against the plaintiff, if he is allowed to represent the class, would prevent other inmates in similar circumstances from later raising similar claims, perhaps in a more favorable setting or with a better fact situation. Each of the plaintiffs is claiming he was denied the right to effective counsel.  However, each of these claims is different and can be proven only by reference to the particular actions in their own case.  Their claims can better be brought through the state post conviction proceedings or a federal *habeas corpus* action.  The court simply does not find an adequate basis upon which to allow this plaintiff to "risk the rights" of other indigent inmates. The magistrate judge therefore RECOMMENDS that class certification be DENIED.

## JURISDICTION

The plaintiff complains that the defendants have failed to provide adequate legal representation to indigent adults charged with criminal offenses in Madison County Alabama.  The plaintiff maintains that this failure has deprived him and threatens to deprive

4

others of their constitutional rights under the Sixth and Fourteenth Amendments. The plaintiff asks this court to declare the Alabama law regarding the defense of indigents inadequate and require the state to remedy the problem with the program.

The plaintiff is currently incarcerated in the Bibb County Correctional Facility in Brent, Alabama. The plaintiff does not have a case pending in Madison County, but uses his own experience with a court appointed lawyer almost fifteen years ago, as an example of what is wrong with the current system. In 1998, the plaintiff was arrested and charged with first degree robbery. The court appointed an attorney to represent him. Robinson complains that his court appointed attorney failed to object to the accusations made by the district attorney, failed to challenge the constitutionality of the indictment, failed to object to the court's lack of subject matter jurisdiction, and failed to adequately prepare for the plaintiff's trial because he was dealing with too many cases. Based on his own one experience in 1998 with a single court appointed attorney, the plaintiff asks this court to find the indigent defense system currently employed by Madison County Alabama unconstitutional.

As to the plaintiff's request that this court enjoin Madison County from continuing to use the current system of providing indigent defense, the court lacks jurisdiction. According to Article III of the United States Constitution, for a lawsuit to properly come before a federal court, there must be an actual case or controversy. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Past exposure to illegal conduct does not itself show a present case or controversy. The plaintiff must allege that he has sustained or is in immediate danger of sustaining a direct injury as a result of the challenged statute. *Massachusetts v. Mellon*, 262

U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923).  "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Id*.

The plaintiff does not claim that he is serving an allegedly illegal sentence.  Indeed, if the plaintiff were serving an allegedly unlawful sentence, the complaint would inappropriately be seeking relief from or modification of current, existing custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). To the extent the plaintiff is claiming that he was injured by the conduct of his court appointed lawyer or challenging his own conviction his remedy is by way of a habeas corpus action. See, *Preiser v. Rodriguez*, 411 U.S. 475, 489-490 (1973).  To the extent the plaintiff is seeking money damages for an illegal conviction, his claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Because of the requirement of an actual controversy, federal courts have neither the power to render advisory opinions nor the authority to decide questions that cannot affect the rights of litigants in the case before them. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The plaintiff is complaining about a system used in Madison County in 1998.  To the extent the plaintiff is contending that he could face future injury if the system is not changed his claim is purely speculative.  Because no "actual controversy" is before the court, the court is without authority to render an opinion as to the issues presented. Accordingly, the plaintiff's complaint is due to be dismissed.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED as  pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 9th day of May, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE